UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GERALD GRIFFIN,

                                               Plaintiff,

                   -against-                      **SECOND AMENDED COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER      CV 11 6145 (SLT) (MDG)
KATRINA FORRESTER, tax # 941207, POLICE
OFFICER MARIBEL BURGOS, tax # 933556,      <u>Jury Trial Demanded</u>

                                           Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.     Plaintiff brings this civil rights action against the City of New York and two New York City Police Officers alleging that, on August 28, 2010, in Brooklyn defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution and New York state law by falsely arresting him for soliciting an undercover officer posing as a prostitute and by denying him a fair trial.  The false charge was adjourned in contemplation of dismissal on October 19, 2011.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.     Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claim of false arrest which forms part

of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6. No notice of claim is required for plaintiff's state law claim of false arrest brought against the individual defendant police officers because the claim alleges intentional conduct. In suits against municipal or county employees, as opposed to suits against municipalities or counties themselves, "service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law." N.Y. Gen. Mun. Law § 50-e(1)(b). Although a municipality is required to "indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, ... the duty to indemnify and save harmless ... shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee." N.Y. Gen. Mun. L. § 50-k(3).

## PARTIES

7. Plaintiff is a resident of Brooklyn.

8. The City of New York is a municipal corporation organized under the laws of the State of New York

2

9. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and their capacities as members of the NYPD at all relevant times. The defendants are sued their individual capacities.

## STATEMENT OF FACTS

10. During the late-evening of August 28, 2010, plaintiff was being driven home by his friend Lamont Barber.

11. Plaintiff was asleep in the back seat of the car.

12. Sitting in the front passenger seat was Barber's friend, Henry Hightower, who plaintiff hardly knew.

13. At approximately 11:40 p.m., defendants Forrester and Burgos, posing as prostitutes, claimed that, at Howard and Livonia Avenues in Brooklyn, the occupants of the car agreed to pay the officer money in exchange for fellatio.

14. Plaintiff did not have a conversation with defendants and was asleep during this entire alleged conversation.

15. Plaintiff, Barber and Hightower were arrested and brought to the 73rd or the 75th Precinct.

16. While plaintiff was held in the precinct, defendants, acting in concert, falsely charged plaintiff with patronizing a prostitute.

17. The aforesaid allegation was false and was asserted so that plaintiff would be prosecuted for a crime he did not commit and so defendants could earn overtime compensation and enhance their arrest records. Defendants may have learned while plaintiff was in the precinct that he had an outstanding bench warrant for his arrest for not appearing in court.

If this was the case, plaintiff's false arrest claim encompasses the time that he was arrested to the time that defendants learned of the warrant.

18. Defendants eventually had plaintiff taken to Brooklyn Central Booking.

19. Before plaintiff's arraignment, one or both defendants misrepresented to the Kings County District Attorney's Office that plaintiff had patronized a prostitute.

20. As a result of this misrepresentation, criminal proceedings were instituted against plaintiff.

21. Plaintiff was arraigned in Kings County Criminal Court during the evening of August 29, 2010, released on his own recognizance and ordered to return to court.

22. Plaintiff went to court numerous times until the false charge was adjourned in contemplation of dismissal on October 19, 2011.

23. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered an unlawful detention, emotional distress, fear, anxiety, and humiliation.

## FIRST CLAIM
### (FALSE ARREST)

24. Plaintiff repeats the foregoing allegations.

25. At all relevant times, plaintiff did not commit a crime or violation.

26. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

27. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (DENIAL OF A FAIR TRIAL)

28. Plaintiff repeats the foregoing allegations.

29. Defendants misrepresented to the Kings County District Attorney's Office that plaintiff had patronized a prostitute.

30. Defendants' misrepresentations deprived plaintiff of liberty in that he was required to make numerous court appearances after his arraignment.

31. Accordingly, the defendants are liable to plaintiff under the Sixth Amendment for denying him a fair trial.

## THIRD CLAIM

### (FAILURE TO INTERVENE)

32. Plaintiff repeats the foregoing allegations.

33. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

34. Accordingly, the defendants are liable to plaintiff under the Constitution for failing to intervene to prevent the violation of plaintiff's rights.

## FOURTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

35. Plaintiff repeats the foregoing allegations.

36. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

37. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

38. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

39. Numerous members of the NYPD have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, perjury, corruption, theft, selling narcotics, smuggling firearms, robbery, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault and domestic violence.

40. Former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison.

41. In 2011, former NYPD narcotics officer Jerry Bowen was convicted of murder and attempted murder while under indictment for corruption.

42. In October 2011, former NYPD narcotics officer Jason Arbeeny was convicted in New York Supreme Court, Kings County, of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

43. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and

state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

44. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

45. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## FIFTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

46. Plaintiff repeats the foregoing allegations.

47. At all relevant times, plaintiff did not commit a crime or violation.

48. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

49. Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

WHEREFORE, plaintiff demands the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED:	May 14, 2012

/s/
_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391